11-1573-ag
Li v. Holder

BIA
Bukszpan, IJ
A096 401 249

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of January, two thousand twelve.

PRESENT:
JOSEPH M. MCLAUGHLIN,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
*Circuit Judges.*

_____

ZU HAN LI, AKA DICKSON NIKKI WONG,
*Petitioner,*

v.                                    11-1573-ag
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Thomas Sun, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Emily Anne Radford,
                         Assistant Director; Erica B. Miles,
                         Senior Litigation Counsel, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Zu Han Li, a native and citizen of the People's Republic of China, seeks review of a March 25, 2011, order of the BIA, affirming the February 27, 2009, decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li*, No. A096 401 249 (B.I.A. Mar. 25, 2011), *aff'g* No. A096 401 249 (Immig. Ct. N.Y. City Feb. 27, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In finding that the harm suffered by Li on account of his own family planning policy violation did not rise to the level of persecution, the agency reasonably relied on Li's

failure to sufficiently demonstrate his inability to pay his 30,000 renminbi ("RMB") fine.  *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002).  Moreover, although Li claims that he suffered past persecution on the basis of his fiancée's forced abortion, a Chinese national's forced sterilization does not qualify as *per se* persecution with respect to her spouse, and thus does not alone create a presumption of a well-founded fear of persecution as to that spouse.  *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308-09 (2d Cir. 2007); 8 C.F.R. § 1208.13(b)(1).  While Li further argues that he personally suffered emotional harm due to his fiancée's forced abortion, we have previously rejected this argument, noting that the "profound emotional loss as a partner and potential parent . . . . does not change the requirement that we must follow the 'ordinary meaning' of the language chosen by Congress, according to which an individual does not automatically qualify for 'refugee' status on account of a coercive procedure performed on someone else."  *Lin*, 494 F.3d at 309.  Accordingly, the agency did not err in finding that Li failed to demonstrate past persecution on account of his own family planning policy violation.

Nor did the agency err in finding that Li failed to show that he resisted China's family planning laws in connection with his own family planning policy violation. *See id.* at 309-10, 312-13. "[A]n applicant claiming persecution for 'other resistance' must demonstrate [] 'resistance' to a coercive family planning policy, which can 'cover[ ] a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family planning law.'" *Id.* at 313 (quoting *In re S-L-L-*, 24 I. & N. Dec. 1, 10 (B.I.A. 2006)). In finding that Li did not demonstrate "other resistance," the agency reasonably relied on the fact that Li's hiding of his fiancée at his parents' house and his failure to pay the 30,000 RMB fine were not "'overt forms of resistance,' but rather were attempts to avoid the strictures of China's population control policies." *In re Li*, No. A096 401 249, Slip Op. at 2. While Li argues that his violation of the family planning policy, alone, constitutes an act of overt resistance, we have consistently found such arguments to be without merit. *See, e.g., id.* at 318 ("[T]he conception of

4

a child is no more an expression of political opinion than birth, death, sleep, or the taking of nourishment.").

Moreover, in finding that the harm suffered by Li as a result of his 2001 altercation with family planning officials did not rise to the level of persecution, the agency reasonably relied on the fact that he was not injured, detained, arrested, or served with a summons following the altercation. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 342 (2d Cir. 2006). Although Li alleged that police threatened to arrest him following the 2001 incident, we have previously "rejected [persecution] claims involving 'unfulfilled threats.'" *Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006). While Li claimed to suffer persecution based on his siblings' deficient schooling, we have recognized "that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *Shi Liang Lin*, 494 F.3d at 308. Under these circumstances, the agency did not err in finding that Li failed to establish past persecution on account of his other resistance to China's family planning laws.

The agency's finding that Li failed to establish a well-founded fear of future persecution is also supported by

substantial evidence.  *See Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (per curiam) (stating that, absent solid support in the record that petitioner would be persecuted under China's family planning policy, his fear was "speculative at best").  In finding that Li failed to demonstrate a well-founded fear of future persecution, the agency reasonably relied on the fact that Li was able to live in Fuzhou City following the 2001 altercation for four years without incident and returned home a number of times, as well as the fact that he was never arrested or served with a summons.  While Li takes issue with the agency's inference that he would likely face prosecution for his 2001 assault on the government official rather than persecution for his other resistance to the country's family planning policy, it is not the role of this Court to determine which possible inference is the most plausible.  *See Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) (explaining that "support for a contrary inference – even one more plausible or more natural – does not suggest error").

Although Li appears correct in his contention that the agency erred by failing to consider his November 2004 summons from the Lianjiang Public Security Bureau, we decline to remand these proceedings on that basis since

doing so would be futile. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (noting that remand is futile when this Court "can 'confidently predict' that the agency would reach the same decision absent the errors that were made") (quoting *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir. 2005)). Even assuming that the agency erred in failing to consider his summons in connection with his own violation of the family planning laws, as the agency reasonably determined, Li failed to demonstrate that he ever engaged in any overt acts of resistance in connection with his family planning violation, and, as a result, is unable to show that any harm he might suffer in connection with the 2004 summons would be on account of a protected ground. *See Shi Liang Lin*, 494 F.3d at 318.

Because Li was unable to meet his burden for asylum, he necessarily failed to meet the higher burden required to succeed on a claim for withholding of removal. *See Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991). Moreover, although, for the purpose of CAT relief, the feared torture does not require any nexus to a protected ground, see 8 C.F.R. § 1208.18(a), as the IJ reasonably noted, Li did "not allege[] [that] he was ever tortured, or why he would be

7

more likely than not tortured by the Chinese government in the future."  Therefore, the agency did not err in denying Li CAT relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```